

OfficE OF THE ATTORNEY GENERAL · STATE OF TEXAS

JOHN CORNYN

July 10, 2000

The Honorable Jeff Wentworth
Chair, Nominations Committee
Texas State Senate
P.O. Box 12068
Austin, Texas 78711

Opinion No. JC-0251

Re: Whether section 681.009, Transportation Code, which relates to designation by a municipality of parking spaces for the disabled, conflicts with the federal Americans with Disabilities Act (RQ-0191-JC)

Dear Senator Wentworth:

You ask whether the requirements of subsection 681.009(e) of the Transportation Code for parking spaces for disabled persons would conflict with guidelines issued under the federal Americans with Disabilities Act ("ADA") and the accessibility guidelines issued by the Texas Department of Licensing and Regulation ("TDLR") by requiring two parking spaces where the federal ADA and state TDLR guidelines require only one. We conclude that subsection 681.009(e) of the Transportation Code does not require two disabled parking spaces where the federal ADA and state TDLR guidelines require only one and, accordingly, there is no conflict between the Transportation Code and the federal and state guidelines.

Under the Americans with Disabilities Act, *see generally* 42 U.S.C. §§ 12101-12213 (1994), the United States Department of Justice has promulgated minimum standards designed to improve access for the disabled for new or altered public parking lots. *See generally* 28 C.F.R. pt. 36, app. A §§ 4.1-4.35 (1999); *see also* Tex. Att'y Gen. Op. No. JC-0077 (1999) (discussing federal and state regulations in relation to van-accessible parking spaces). The Texas Department of Licensing and Regulation has adopted substantially identical requirements in accordance with the Texas Architectural Barriers Act. *See* TEX. REV. CIV. STAT. ANN art. 9102 (Vernon Supp. 2000); *see also* 16 TEX. ADMIN. CODE § 68.100 (1999) (TDLR rule adopting Texas Accessibility Standards). The federal and state guidelines relevant to your question establish the minimum number of accessible spaces required in parking lots. If the parking lot has a total of one to twenty-five spaces, at least one space must be accessible to disabled persons. *See* 28 C.F.R. pt. 36, app. A § 4.1.2(5)(a) (1999); *see also* Tex. Dep't of Licensing & Regulation, *Texas Accessibility Standards*, § 4.1.2(5)(a) (last modified Mar. 31, 1999) <http://www.license.state.tx.us/AB/tas/abtas4.htm#4>. The required number of accessible spaces increases as the total number of spaces in the parking lot increases.

You ask whether Transportation Code subsection 681.009(e) requires two accessible parking spaces where the federal and state guidelines require only one. Chapter 681 of the Transportation Code provides that a vehicle operated by or to transport a disabled person may be parked in a space

designated for disabled persons if it has special license plates for disabled persons issued under section 502.253 of the Transportation Code or displays a disabled parking placard. *See* TEX. TRANSP. CODE ANN. § 681.006 (Vernon Supp. 2000). It is possible for a vehicle to display both special license plates and a placard, because a person who receives special license plates may also receive a disabled parking placard. *See id.* § 502.253. Subsection 681.009(e), with other amendments to Transportation Code chapter 681 adopted by House Bill 1032 of the 76th legislative session, provides for two different types of disabled parking placards that distinguish between permanent mobility disabilities and other types of permanent and temporary disabilities. *See* Act of May 27, 1999, 76th Leg., R.S., ch. 1362, § 5, 1999 Tex. Gen. Laws 4602, 4603. The placard issued to a person with a mobility problem that substantially impairs his or her ability to ambulate is white on a blue shield, while the placard issued to a person with any other permanent or temporary disability is white on a red shield. *See* TEX. TRANSP. CODE ANN. § 681.002(b) (Vernon Supp. 2000). Section 681.009(e) of the Transportation Code requires a certain proportion of parking spaces designated for disabled persons to be designated for the exclusive use of vehicles displaying a white on blue shield disabled parking placard. It provides in part:

> A private property owner or private person who controls property used for parking and who designates one or more uncovered parking spaces for the exclusive use of vehicles transporting persons with disabilities shall assign at least half of those spaces for the exclusive use of vehicles displaying a white on blue shield disabled parking placard, except that if an odd number of spaces is designated, only the number of spaces that is the largest whole number less than half of the number of designated spaces must be assigned for the exclusive use of vehicles displaying a white on blue shield placard.

*Id.* § 681.009(e).

The spaces assigned to the blue-and-white placard must be the spaces that are closest to an accessible route into the building. *See id.* The remaining designated parking spaces may be used by vehicles displaying either kind of placard or disabled license plates. Finally, section 681.009(e) applies only to a property used for parking that serves a building or other facility:

> (1) that state law requires to be accessible to person with disabilities; and

> (2) for which construction or an alteration of the building or other facility is completed on or after September 1, 1999.

*Id.*

As a general matter, section 681.009(e) of the Transportation Code provides for two categories of parking spaces for vehicles used by disabled persons. At least half of these are for the

exclusive use of vehicles displaying the blue-and-white placards issued to persons with permanent mobility disabilities, and the remaining spaces may be used for vehicles displaying the blue-and-white placard, the red-and-white placard issued to persons with any other permanent or temporary disability, or for vehicles displaying disabled plates issued under section 502.253 of the Transportation Code. It is suggested that a parking area subject to section 681.009(e) must include at least two disabled parking places to comply with the requirement that at least half of the disabled parking spaces be reserved for vehicles displaying the blue-and-white placard. If this reading of the statute is correct, it conflicts with the federal and state guidelines that require only one disabled parking space in lots of one to twenty-five total parking spaces. It would require us to determine whether section 681.009(e) of the Transportation Code limits the authority of the TDLR to adopt accessibility standards under article 9102 of the Revised Civil Statutes.

We do not, however, agree with the suggested construction of section 681.009(e). This provision includes no language addressing the authority of the TDLR to adopt accessibility standards or attempting to modify that authority. Moreover, section 681.009(e) does not itself state how many disabled parking spaces must be included in parking areas subject to its provisions. This section expressly applies when the property owner "designates *one or more* uncovered parking spaces for the exclusive use of vehicles transporting persons with disabilities." *See* TEX. TRANSP. CODE ANN. § 681.009(e) (Vernon Supp. 2000). Thus, the legislature assumed that some parking lots would have only one parking space designated for the exclusive use of vehicles transporting persons with disabilities. The formula set out in section 681.009(e) for allocating an odd number of disabled spaces establishes that under appropriate circumstances it requires only one such space in a parking lot. The formula is as follows:

> [I]f an odd number of spaces is designated, only the number of spaces that is the largest whole number less than half of the number of designated spaces must be assigned for the exclusive use of vehicles displaying a white on blue shield placard.

*Id.*

One parking space is an odd number of spaces. Where an odd number of spaces is designated, "only the number of spaces that is the largest whole number less than half of the number of designated spaces must be assigned for the exclusive use of vehicles displaying a white on blue shield placard." *See id.* Where only one parking space in a lot is designated for vehicles transporting disabled persons, no space need be assigned for the exclusive use of vehicles displaying a white on blue shield placard. The single parking space required by federal and state guidelines will be accessible to vehicles displaying either a blue-and-white or a red-and-white placard or disabled license plates. Section 681.009(e) of the Transportation Code does not conflict with the federal and state guidelines where the guidelines require only one parking space.

## S U M M A R Y

As a general matter, section 681.009(e) of the Transportation Code provides for two categories of parking spaces for vehicles used by disabled persons. At least half of these spaces are for the exclusive use of vehicles displaying the blue-and-white placards issued to persons with permanent mobility disabilities, and the remaining spaces may be used for vehicles displaying the blue-and-white placard, the red-and-white placard issued to persons with any other permanent or temporary disability, or for vehicles displaying disabled plates issued under section 502.253 of the Transportation Code. Where only one parking space in a lot is designated for vehicles transporting disabled persons, no space need be assigned for the exclusive use of vehicles displaying a white on blue shield placard. Section 681.009(e) of the Transportation Code does not conflict with the federal and state guidelines where the guidelines require a parking lot to have only one parking space for the exclusive use of vehicles transporting disabled persons.

Yours very truly,

JOHN CORNYN
Attorney General of Texas

ANDY TAYLOR
First Assistant Attorney General

CLARK KENT ERVIN
Deputy Attorney General - General Counsel

ELIZABETH ROBINSON
Chair, Opinion Committee

Susan L. Garrison
Assistant Attorney General - Opinion Committee